Gonzalez v Navillus Tile, Inc.

2026 NY Slip Op 02877

May 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Paul Gonzalez, Plaintiff-Appellant,

v

Navillus Tile, Inc., Doing Business as Navillus Contracting, Inc., Defendant, The City of New York et al., Defendants-Respondents.

Decided and Entered: May 07, 2026

Index No. 34386/20|Appeal No. 6551|Case No. 2025-03833|

Before: Moulton, J.P., Gesmer, Higgitt, Michael, Chan, JJ.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Kolby Forrest of counsel), for appellant.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondents.

[*1]

Order, Supreme Court, Bronx County (Shawn T. Kelly, J.), entered on or about March 18, 2025, which denied plaintiff's motion for partial summary judgment on the Labor Law §§ 240(1) and 241(6) claims, unanimously affirmed, without costs.

Plaintiff failed to establish entitlement to summary judgment on the Labor Law § 240(1) claim (see Marte v Tishman Constr. Corp., 223 AD3d 527, 529-530 [1st Dept 2024]). Plaintiff testified that he was standing on rebar and leveling freshly poured concrete when he slipped and fell, causing parts of his body to fall through the rebar and into the concrete. Plaintiff argues that plywood planks should have been placed over the rebar as a work platform. However, defendants submitted the affidavit of plaintiff's foreman, who averred, in sum and substance, that it would have been "impractical and contrary to the very work at hand to cover the area where the concrete was being spread" (id. at 530, quoting Salazar v Novalex Contr. Corp., 18 NY3d 134, 140 [2011]).

The court correctly denied plaintiff's motion for summary judgment on the Labor Law § 241(6) claim premised on Industrial Code § 23-1.7(d). Plaintiff failed to establish that the alleged wet substance on the rebar he slipped on was not associated with the work that he was performing (see Orellana v 386 Park S. LLC, 222 AD3d 438, 438 [1st Dept 2023]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 7, 2026